# 13 CV 9120

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

FLUSHING BANK,

                    Plaintiff,

          -against-

GREEN DOT CORPORATION and
GREEN DOT BANK,                                    Civil Action No.:

                    Defendants.
-----------------------------------------------------X

RECEIVED
DEC 26 2013
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE FORREST

COMPLAINT

     Flushing Bank ("Flushing" or "Plaintiff"), for its complaint against Defendants Green

Dot Corporation and Green Dot Bank (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

     1.    This is an action for trademark infringement pursuant to § 32 of the Lanham

Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under § 43 of the

Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under New

York State Law; deceptive trade practices under § 349 of the New York General Business Law;

trademark dilution and injury to business reputation under § 360-1 of the New York General

Business Law; and cancellation of a service mark registration and a determination that pending

applications for registration with the United States Patent and Trademark Office ("USPTO") be

denied pursuant to 15 U.S.C. § 1052(d).

     2.    The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331, 1338, 1367 and general and principles of ancillary and pendent jurisdiction.

     3.    The Court has personal jurisdiction over each defendant, and venue is proper

pursuant to 28 U.S.C. § 1391(b). Upon information and belief, defendant, Green Dot

1

Corporation, is a foreign corporation licensed to do business in New York State. Upon information and belief, defendant, Green Dot Bank, has substantial contacts with the forum as a result of business activities conducted within New York and within this District. Upon information and belief, Green Dot Bank provides banking services directly to individuals or entities residing in this District through its interactive website(s) and mobile phone application(s) (e.g. https://www.gobank.com). Specifically, Green Dot Bank conducts business relating to secure online banking, including online bill pay, online money transfers, and other additional online banking services, with and for customers residing in this District through its site https://www.gobank.com. Green Dot Bank has caused confusion among customers residing in this District by misappropriating the distinctive portion of Plaintiff's marks to market and sell these products and services within the State of New York and this District. Thus, defendant, Green Dot Bank, has committed, and continues to commit, acts of trademark infringement in the State of New York and in this District.

<u>PARTIES</u>

4.      Plaintiff, Flushing Bank, is a New York State chartered bank with its principal place of business at 1979 Marcus Avenue, Lake Success, New York 11042.

5.      Upon information and belief, Defendant, Green Dot Corporation, is a corporation organized and existing under the laws of the State of Delaware, authorized to do business in the State of New York, having an address for service of process at 3465 East Foothill Boulevard, Pasadena, California 91107, and is engaged in the business, among other things, of providing banking services in the State of New York and elsewhere in the United States.

2

6.     Upon information and belief, Defendant, Green Dot Bank, a subsidiary of Green Dot Corporation, is a Utah State chartered bank having an address for service of process at 1675 N. Freedom Blvd., Provo, Utah 84604-2540 and is engaged in the business, among other things, of providing banking services in the State of New York and elsewhere in the United States.

PLAINTIFF'S MARKS

7.     Flushing is an FDIC insured institution established in 1929, serving the New York area for over 80 years.  Flushing offers an extensive line of banking services to consumers, businesses, and public entities, including a full complement of deposit, loan and cash management services, at its 17 banking locations throughout New York.  Flushing also operates an online banking division, iGObanking.com®, which offers competitively priced products and services to consumers nationwide.  Flushing first began using the distinctive IGOBANKING and IGOBANKING.COM marks (collectively "IGOBANKING Marks") as early as November 2006 and has continuously used the marks since that time.  Since long prior to the acts complained of herein, consumers have recognized the IGOBANKING Marks as service marks designating services of the highest quality originating exclusively from Flushing.

8.     Since October 23, 2007, Flushing has been the owner of the right, title and interest in and to, inter alia, U.S. Service Mark Registration No. 3,321,369 for the mark IGOBANKING for use in connection with "[f]ull service banking services and online banking services provided via the Internet, namely provision of savings accounts, checking accounts, money market accounts and certificates of deposit . . . and debit card services" in international class 36.

3

9.      Since October 23, 2007, Flushing has been the owner of the right, title and interest in and to, inter alia, U.S. Service Mark Registration No. 3,321,366 for the mark IGOBANKING.COM for use in connection with "[f]ull service banking services and online banking services provided via the Internet, namely provision of savings accounts, checking accounts, money market accounts and certificates of deposit . . . and debit card services" in international class 36.

10.     Since April 29, 2008, Flushing has been the owner of the right, title and interest in and to U.S. Service Mark Registration No. 3,419,009 for the mark IGOBANKING.COM and Design for use in connection with "[f]ull service banking services and online banking services provided via the Internet, namely, provision of savings accounts, checking accounts, money market accounts and certificates of deposit . . . and debit card services" in international class 36.

11.     Attached hereto as Exhibit "A" are true and correct copies of the U.S. Patent and Trademark Office registration certificates evidencing the ownership of the IGOBANKING Marks.  All of these registrations are valid, subsisting, and in full force and effect as evidence of the validity thereof and Flushing's exclusive right to own and use the marks in connection with the goods and services specified in the registrations.  Moreover, all of the registrations are incontestable pursuant to 15 U.S.C. §1065, and have become distinctive or acquired secondary meaning with respect to Flushing's products and services in commerce pursuant to 15 U.S.C. §1052.

12.     Flushing has extensively advertised and promoted its products and services under the IGOBANKING Marks through advertising campaigns, on the internet, in publications and in other forms of media coverage.  Flushing's services bearing the

4

IGOBANKING Marks are closely associated with Flushing's reputation in the eyes of the public and the trade. Thus, the IGOBANKING Marks are invaluable assets to Flushing.

13. Furthermore, since its launch in 2006, Flushing has realized ever-increasing success in its sales of products and services bearing the IGOBANKING Marks in both customers and deposit balances. Today, services provided in connection with the IGOBANKING Marks represent almost ten percent of Flushing's total deposit portfolio and over twenty percent of consumer deposits. Flushing has also enhanced the services provided under the IGOBANKING Marks to include money market accounts with a tiered balance structure and Certificates of Deposit with terms up to and including ten years. Flushing's IGOBANKING Marks and the services provided in connection with the IGOBANKING Marks have been recognized by Bankrate Top Tier 100 Highest Yields, Money Magazine 100 Best and reviewed favorably on a number of online sites, including DepositAccounts.com.

14. Flushing devotes substantial effort, time and resources to ensure the prestige and reputation for quality banking products and services associated with the IGOBANKING Marks.

15. As a result of years of use and extensive sales of services of the highest quality complemented by extensive advertising, promotion and press coverage, the IGOBANKING Marks have come to be recognized by consumers, as well as by members of the banking and financial industry, as a unique identifier of products and services originating exclusively from Flushing.

<u>DEFENDANT'S MARKS</u>

16. Defendants are knowingly using the mark "GOBANK," which infringes upon and violates the rights of Flushing in the IGOBANKING Marks.

5

17.     On June 18, 2013, Defendant, Green Dot Corporation, registered the mark GOBANK and Design (U.S. Service Mark Registration No. 4,355,615) for use in connection with "Promoting banking services and debit, stored value and cash card usage and sales through the administration of customer loyalty and incentive rewards programs; providing financial service customer loyalty and incentive rewards programs; providing a website that tracks account information for debit cards and cash cards" in international class 35; and "Debit card, cash card, and stored value card services; banking services; financing services; cash-acceptance transaction services for supporting the funding of prepaid debit cards; analysis and evaluation of the creditworthiness of individuals; electronic payment services, namely, electronic processing and transmission of bill payment data; providing funds replenishment, banking, and electronic funds transfer services in connection with debit card services that permit card holders to fund debit cards, make online and telephone payment transactions, and pay for consumer services, debts, and bills; financial investment services in the field of certificates of deposit; automated teller machine (ATM) services; on-line banking services; payment processing services, namely, processing electronic payments made through debit cards, cash cards, and stored value cards; funding online cash accounts from prepaid debit card accounts; electronic check transaction processing services; foreign exchange services, namely, foreign exchange transactions, foreign exchange information services, and providing for the exchange of foreign currency; issuance of bank checks and travelers checks; providing information and consultation in the fields of debit, stored value, and cash card services, debit card, bill payment, and electronic check transaction processing services, and online banking" in international class 36.

18.     Based upon the date of first use in its U.S. Registration, Green Dot Corporation had not used the GOBANK and Design mark in commerce in connection with the services identified in Reg. No. 4,355,615 prior to January, 2013.  Upon information and belief, in January 2013 or sometime thereafter, Green Dot Corporation and its banking subsidiary, Green Dot Bank, began using the GOBANK and Design mark.

19.     Green Dot Corporation also has a pending service mark application for the GOBANK and Design mark for use in connection with additional banking services for which, upon information and belief and based upon the records of the USPTO, Green Dot Corporation has not yet begun using its mark (Serial No. 85646097), namely "promoting credit card usage and sales through the administration of customer loyalty and incentive rewards programs; providing a website that tracks account information for credit cards" in Class 35; "credit card services; loan financing; consumer and commercial lending services and money lending; providing personal loans and lines of credit; financial loan consultation; cash-acceptance transaction services for supporting the funding of prepaid credit cards; credit rating services; payment processing services, namely, processing electronic payments through credit cards; funding online cash accounts from credit card accounts; providing information and consultation in the fields of credit card services, commercial lending and consumer lending" in Class 36; and "fraud detection services in the field of debit and credit card purchases" in Class 45.

20.     Green Dot Corporation also has a pending service mark application for "GOBANK" without the design for use in connection with services similar to those listed in the registration and pending application for GOBANK and Design.  Upon information and belief, although the application was filed as an Intent to Use application on March 9, 2012 (Serial No. 85565665), and no statement of use has been filed with the USPTO, Green Dot Corporation

7

and its banking subsidiary, Green Dot Bank, have begun using this mark in connection with banking services in interstate commerce.  The GOBANK and GOBANK and Design Marks are collectively referred to herein as the "Infringing Marks."

21.     Upon information and belief, Defendants adopted the mark "GOBANK" with full knowledge of Flushing's ownership of the IGOBANKING Marks.  On July 25, 2013, Flushing sent a cease and desist letter to Green Dot Corporation, demanding that Defendants immediately cease and desist from any and all uses of the "GOBANK" mark, or any other confusingly similar mark, in connection with banking and financial services, and that Green Dot Corporation surrender its USPTO registration for cancellation and expressly abandon its pending USPTO applications.  In its correspondence, Flushing specifically requested confirmation in writing within ten calendar days of the date of the letter that Defendants had complied with Flushing's demands.  On August 28, 2013, after no response was received, Flushing commenced a Cancellation Proceeding with the Trademark Trial and Appeal Board, requesting that Green Dot Corporation's registration be canceled on the ground that the registration creates a likelihood of confusion with Flushing's IGOBANKING Marks (Cancellation No. 92057778).  Said cancellation proceeding is still pending and no answer has yet been filed.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement (15 U.S.C. § 1114)

22.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

23.     Upon information and belief, the services provided by Flushing in connection with the IGOBANKING Marks and the services provided by Defendants in connection with the

Infringing Marks are similar and move through similar channels of trade to similar classes of consumers, and Flushing and Defendants are in competition with respect to those services.

24.     The Infringing Marks are so similar to Flushing's IGOBANKING Marks as to be likely to cause confusion, mistake or deception as to the source or origin of Defendants' services in that the public and others are likely to believe that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with Flushing, all to Flushing's irreparable harm.  In fact, the root term "GOBANK" is the heart of the IGOBANKING Marks, and the cornerstone of their distinctiveness in the marketplace.

25.     Upon information and belief, Defendants are using the Infringing Marks on identical online banking products and services to those bearing the IGOBANKING Marks, including, but not limited to checking account services, savings account services, electronic bill payment services, financial investment services in the field of certificates of deposit, automated teller machine (ATM) services, and debit card services.

26.     The substantially similar appearance and commercial impression of Flushing's IGOBANKING Marks and the Infringing Marks have been evidenced by instances of actual confusion between the IGOBANKING Marks and the Infringing Marks.

27.     The online banking services for which Flushing uses the IGOBANKING Marks and the mobile banking services for which Defendants have registered and/or are using the Infringing Marks are closely related.

28.     The confusingly similar appearance and sound between Flushing's IGOBANKING marks and the Infringing Marks creates a likelihood of confusion among the consuming public.

29.     The acts of Defendants complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

30.     Upon information and belief, by their tortious acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Flushing and to the goodwill associated with Flushing's registered marks.

31.     Flushing has no adequate remedy at law.

SECOND CAUSE OF ACTION

Federal False Designation of Origin and Unfair Competition (15 U.S.C. §1125(a))

32.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

33.     The acts of Defendants complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     The continued use and registration by Defendants of the Infringing Marks in connection with banking and financial services is likely to and has caused confusion, mistake, or deception by having the public erroneously assume or believe that those services are provided by Flushing, or are in some other way associated or connected with Flushing because of Flushing's prior use and registration of the IGOBANKING Marks, all to Flushing's irreparable harm.

35.     The use and threatened use of the Infringing Marks is a false designation of origin as to services made available by Defendants and a false and misleading representation in violation of § 43(a) of the Lanham Act (15. U.S.C. § 1125(a)).

36.     Flushing has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Declaratory Judgment for Cancellation of Trademark and for a Determination that Certain Applications for Registration be Denied for Likelihood of Confusion With Previously Used Mark (15 U.S.C. § 1052(d))

37.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

38.     As the owner of valid registrations for the IGOBANKING Marks, Plaintiff has standing to bring this action seeking a Declaratory Judgment for Cancellation of Green Dot Corporation's registration of the Infringing Marks and a ruling that the Defendants have no right to register their Infringing Marks pursuant to 15 U.S.C. § 1119.

39.     Any use of the Infringing Marks by the Defendants for the classes of goods and services contained in U.S. Service Mark Registration No. 4,355,615 and in U.S. Service Mark Application Serial Nos. 85,646,097 and 85,565,665 would cause confusion among consumers between the Plaintiff's products and services and those of the Defendants.

40.     Plaintiff requests declaratory relief canceling Registration No. 4,355,615 on the grounds that registration should have been refused under 15 U.S.C. § 1052(d).

41.     Plaintiff requests a declaratory ruling that the Defendants have no right to register the service marks set forth in U.S. Service Mark Application Serial Nos. 85,646,097 and 85,565,665 pursuant to 15 U.S.C. § 1052(d).

### FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement and Unfair Competition

42.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

43.     Flushing owns all right, title and interest in and to the IGOBANKING Marks as aforesaid, including all common law rights in such marks, and such marks are distinctive and/or have acquired secondary meaning.

44.     The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

45.     Upon information and belief, Defendants have made and will make substantial profits and gains to which it is not in law or equity entitled.

46.     Upon information and belief, Defendants committed the above acts willfully and in bad faith and intend to continue their infringing acts unless restrained by this Court.

47.     Defendants' acts have irreparably harmed Flushing and Flushing has no adequate remedy at law.

FIFTH CAUSE OF ACTION

New York Deceptive Trade Practices (N.Y. G.B.L. § 349)

48.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

49.     The aforesaid acts of Defendants constitute consumer-oriented conduct that is misleading in a material way, has affected the public interest of New York, and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

50.     By the acts described herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of their business in violation of New York General Business Law §349.

51.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

52.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

53.     Defendants' acts have irreparably harmed Flushing and Flushing has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

### New York Trademark Dilution (NY GBL §360-1)

54.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

55.     Flushing is the exclusive owner of the IGOBANKING Marks throughout the United States, including the State of New York.

56.     Through prominent, long and continuous use in commerce, including commerce within the State of New York, the IGOBANKING Marks have become and continue to be distinctive.

57.     By the acts described herein, Defendants have diluted the distinctiveness of the IGOBANKING MARKS and have caused a likelihood of harm to Flushing's business reputation in violation of New York General Business Law §360-1.

58.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

59.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

60.     Defendants' acts have irreparably harmed Flushing and Flushing has no adequate remedy at law.

61.     Defendants' use of the Infringing Marks in connection with their business as aforesaid has injured and will, unless enjoined by the Court, continue to cause injury to Flushing's business reputation and to dilute the distinctive quality of the IGOBANKING Marks in violation of § 368-d of the New York General Business Law, all to Flushing's irreparable harm.

WHEREFORE, Plaintiff prays that:

(1)     Defendants, their officers, directors, agents, servants, employees, attorneys and all those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a)     using the Infringing Marks or any mark confusingly similar to Flushing's IGOBANKING Marks, in connection with the advertising, promotion, offering or performance of banking or financial services;

(b)     infringing the IGOBANKING Marks, or any other names, marks or logos that are substantially similar thereto, in any manner, including by using any name, mark, design or logo that is confusingly similar to the IGOBANKING Marks in connection with the sale, offer for sale, advertising, or promotion of any banking products or services;

(c)     making any false description or representation of origin concerning any banking product or services offered by Defendants by performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Flushing and Defendants are one and the same or are in some way connected, or that Flushing is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Flushing, or that the services of Defendants originate with

Flushing or are conducted or offered with the approval, consent or authorization, or under the supervision of Flushing, or are likely in any way to lead the trade or the public to associate Defendants with Flushing;

        (d)    engaging in any other conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and other members of the public to believe that Defendants' banking products and services and Defendants are connected or affiliated with Plaintiff or are sponsored, approved or licensed by Plaintiff;

        (e)    using any trade practices whatsoever including those complained of herein which tend to unfairly compete with or injure Flushing's business and the goodwill associated therewith or further dilute and infringe upon Flushing's IGOBANKING Marks and the goodwill associated therewith;

        (f)    assisting, aiding or aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) through (e), above;

        (2)    An Order of the Court directing the cancellation of Service Mark Registration No. 4,355,615 and declaring that Defendants have no right to register the confusingly similar service marks specified in Service Mark Application Nos. 85,646,097 and 85,565,665.

        (3)    Defendants be required to deliver to Plaintiff's counsel of record for destruction, or to show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession or control that use the GOBANK term or any other term confusingly similar to Plaintiff's IGOBANKING

Marks, including, but not limited to, permanently disabling the Web site http://www.gobank.com;

(4)    Defendants be ordered to file with this Court and to serve upon Plaintiff. within 30 days after the entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(5)    Plaintiff recover all damages sustained as a result of Defendants' activities;

(6)    An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances;

(7)    Plaintiff recover from Defendants all of its litigation expenses, including reasonable attorneys' fees and the costs of this action, together with pre-judgment and post-judgment interest, and

(8)    Plaintiff recover such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
      December 26, 2013

                                   CULLEN AND DYKMAN LLP,

By:
                                   Adam M. Marshall (AM-6747)
                                   Attorneys for Plaintiff Flushing Bank
                                   100 Quentin Roosevelt Boulevard
                                   Garden City, New York 11530
                                   Telephone: (516) 357-3700
                                   Fax: (516) 296-9155
                                   E-mail:amarshall@cullenanddykman.com

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Adam M. Marshall

# EXHIBIT "A"

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,321,369
Registered Oct. 23, 2007

**SERVICE MARK**
**PRINCIPAL REGISTER**

# IGOBANKING

FLUSHING SAVINGS BANK (UNITED STATES CHARTERED BANK)
SUITE E140
1979 MARCUS AVENUE
LAKE SUCCESS, NY 11042

FOR: FULL SERVICE BANKING SERVICES AND ONLINE BANKING SERVICES PROVIDED VIA THE INTERNET, NAMELY PROVISION OF SAVINGS ACCOUNTS, CHECKING ACCOUNTS, MONEY MARKET ACCOUNTS AND CERTIFICATES OF DEPOSIT; CONSUMER LENDING SERVICES, NAMELY PROVIDING STUDENT LOANS, MORTGAGE LOANS, INSTALLMENT LOANS, SMALL BUSINESS LOANS, MANUFACTURED HOUSING LOANS, HOME EQUITY LOANS, HOME EQUITY LINES OF CREDIT AND AUTOMOBILE LOANS; FINANCIAL INVESTMENT SERVICES, NAMELY RETIREMENT FINANCIAL PLANNING, MUTUAL FUNDS INVESTMENT, COLLEGE SAVING PLANS, STOCKS BROKERAGE, BROKERAGE OF BONDS AND SECURITIES; AND CREDIT AND DEBIT CARD SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-27-2006; IN COMMERCE 11-27-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-844,046, FILED 3-23-2006.

EDWARD FENNESSY, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,321,366
Registered Oct. 23, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# IGOBANKING.COM

FLUSHING SAVINGS BANK (UNITED STATES CHARTERED BANK)
SUITE E140
1979 MARCUS AVENUE
LAKE SUCCESS, NY 11042

FOR: FULL SERVICE BANKING SERVICES AND ONLINE BANKING SERVICES PROVIDED VIA THE INTERNET, NAMELY PROVISION OF SAVINGS ACCOUNTS, CHECKING ACCOUNTS, MONEY MARKET ACCOUNTS AND CERTIFICATES OF DEPOSIT; CONSUMER LENDING SERVICES, NAMELY PROVIDING STUDENT LOANS, MORTGAGE LOANS, INSTALLMENT LOANS, SMALL BUSINESS LOANS, MANUFACTURED HOUSING LOANS, HOME EQUITY LOANS, HOME EQUITY LINES OF CREDIT AND AUTOMOBILE LOANS; FINANCIAL INVESTMENT SERVICES, NAMELY RETIREMENT FINANCIAL PLANNING, MUTUAL FUNDS INVESTMENT, COLLEGE SAVING PLANS, STOCKS BROKERAGE, BROKERAGE OF BONDS AND SECURITIES; AND CREDIT AND DEBIT CARD SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-27-2006; IN COMMERCE 11-27-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-843,401, FILED 3-22-2006.

EDWARD FENNESSY, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,419,009

Registered Apr. 29, 2008

## SERVICE MARK
### PRINCIPAL REGISTER



FLUSHING SAVINGS BANK (UNITED STATES CHARTERED BANK)
SUITE E140
1979 MARCUS AVENUE
LAKE SUCCESS, NY 11042

FOR: FULL SERVICE BANKING SERVICES AND ONLINE BANKING SERVICES PROVIDED VIA THE INTERNET, NAMELY, PROVISION OF SAVINGS ACCOUNTS, CHECKING ACCOUNTS, MONEY MARKET ACCOUNTS AND CERTIFICATES OF DEPOSIT; CONSUMER LENDING SERVICES, NAMELY, PROVIDING STUDENT LOANS, MORTGAGE LOANS, INSTALLMENT LOANS, SMALL BUSINESS LOANS, MANUFACTURED HOUSING LOANS, HOME EQUITY LOANS, HOME EQUITY LINES OF CREDIT AND AUTOMOBILE LOANS; FINANCIAL INVESTMENT SERVICES, NAMELY, RETIREMENT FINANCIAL PLANNING, MUTUAL FUNDS INVESTMENT, COLLEGE SAVING PLANS, STOCKS BROKERAGE, BROKERAGE OF BONDS

AND SECURITIES; AND CREDIT AND DEBIT CARD SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-24-2006; IN COMMERCE 11-24-2006.

THE COLOR(S) ORANGE, GREEN, WHITE, AND BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A STYLIZED VERSION OF THE MARK "IGOBANKING.COM", WITH AN ORANGE "I", A GREEN CIRCLE BEHIND "GO", WITH "GO" DETAILED IN WHITE AND "BANKING.COM" DETAILED IN BLUE.

SN 77-014,934, FILED 10-5-2006.

HEATHER BIDDULPH, EXAMINING ATTORNEY