

CULLENandDYKMANLLP

Ariel E. Ronneburger
Associate
Direct Dial: (516) 296-9182
Facsimile: (516) 296-9155
Email: aronneburger@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

August 6, 2014

**VIA ECF AND EMAIL TO:**
**FORRESTNYSDCHAMBERS@NYSD.USCOURTS.GOV**
The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/6/2014
```

Re:   *Flushing Bank v. Green Dot Corporation and Green Dot Bank,*
       Civil Action No. 13-cv-9120

Dear Judge Forrest:

      This firm represents plaintiff Flushing Bank ("Plaintiff") in the above-referenced matter. We write pursuant to the Court's instruction at the Status Conference held on June 27, 2014, to request permission for Plaintiff to submit an expert report for the sole purpose of evaluating the survey and Report of defendants Green Dot Corporation and Green Dot Bank's ("Defendants") recently disclosed "rebuttal" expert despite Plaintiff not proffering an expert to rebut.

      Pursuant to the Scheduling Order set forth by the Court after the Initial Conference held on February 20, 2014, the parties were to designate expert reports regarding issues on which they had the burden of proof by June 20, 2014. *See* Docket Entry 20. Designation of rebuttal experts and service of any rebuttal expert reports was to take place on or before July 25, 2014. *See id.*

      Neither party has designated experts as to their cases-in-chief. However, on Friday, July 25, 2014 at 8:42 pm, Plaintiff's counsel received Defendants' "Expert Report of Hal Poret in Matter of *Flushing Bank v. Green Dot Corporation and Green Dot Bank*: Survey to Determine whether Green Dot's use of 'GoBank' is Likely to Cause Confusion with Flushing Bank's 'iGoBanking' Mark." Plaintiff reserves its right to object to Mr. Poret's designation as a "rebuttal" expert, when in fact Plaintiff has not submitted a report to rebut. Nonetheless, Plaintiff acknowledges that this issue was discussed with the Court at the June 27, 2014 Status Conference, and that Defendants have submitted the Expert Report of Mr. Poret to "rebut" a vital part of Plaintiff's case-in-chief—that Defendants' use of the "GoBank" trademark is likely to

CULLENandDYKMANLLP

cause confusion with Plaintiff's "iGoBanking" trademarks. In fact, Plaintiff has alleged actual confusion in this regard.

Since receiving Defendants' Expert Report and survey, counsel for Plaintiff has thoroughly reviewed the Report and survey and discussed same with potential experts. Our point of contact at Flushing Bank was out of the country last week, and we have now obtained client approval for, and retained, an expert, subject to this Court's approval.

To that end, Plaintiff requests permission to designate a rebuttal expert, who will issue a report solely in rebuttal to Mr. Poret's survey and Report. As discussed generally with the Court when this possible issue arose during the Status Conference, Plaintiff understands that its expert will not opine on the likelihood of confusion between the "GoBank" trademark and the "iGoBanking" trademark, as Plaintiff has the burden of proof on this issue and any expert report would have necessarily been submitted on or before June 20, 2014. Rather, Plaintiff's expert will evaluate Mr. Poret's survey and Report and determine whether it is a reliable indicator of the likelihood of confusion between the marks at issue in this litigation.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii), permits expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." As such, Plaintiff seeks only to rebut the reliability and accuracy of the survey designed by Mr. Poret and discussed in his Expert Report.

In *In re Puda Sec., Inc.*, 11-cv-2598, 2014 U.S. Dist. LEXIS 83138 (S.D.N.Y. Jun. 17, 2014) (Forrest, J.), although plaintiffs did not proffer an expert on certain standards relevant to the case, defendants served a "rebuttal" expert report regarding these issues, to "rebut" the plaintiffs' case-in-chief. The Court held that this was permissible, but noted "[o]f course, a plaintiff may himself proffer rebuttal evidence to counter evidence offered by a defendant to defeat the plaintiff's claim." *See id.* at * 51. Here, Plaintiff is seeking to do just that.

As noted by the Court in *Puda*, "[e]vidence can be divided into two categories: that which goes to proof of a party's case in chief, and that which responds or rebuts evidence of an adverse party." *Id.* Plaintiff's rebuttal expert will only offer the latter. Moreover, the Court also stated in *Puda* that "[t]o determine whether evidence is 'rebuttal' evidence, a court must ask whether the rebuttal evidence is proffered to counter evidence that the defendant has offered, or whether it is simply a continuation of the plaintiff's case-in-chief." *Id.* Again, Plaintiff emphasizes that, if permitted to serve a rebuttal expert report, the contents of this report will focus only on the survey and Report proffered by Mr. Poret; it will not address the merits of Plaintiff's trademark infringement case.

It is respectfully acknowledged that "[i]t is well settled that [a] district court has wide discretion in determining whether to permit evidence on rebuttal." *Id.* (quoting *Koseatac v. Rubin*, 4. F. App'x 84, 86 (2d Cir. 2001)) (alterations in original). However, under the Federal

CULLENandDYKMANLLP

Rules of Civil Procedure, Plaintiff submits that it should be granted the right to present evidence to rebut the content of Defendants' Expert Report.

For example, in *Mabrey v. United States*, 2006 U.S. Dist. LEXIS 49039 (D. Nev. July 7, 2006), a medical malpractice case, the defendants waited until the deadline to disclose rebuttal experts to submit an expert report stating that the plaintiff's injuries were not caused by defendant. The court stated that this practice was not typical, as "[i]n most cases, the parties designate their experts on the initial disclosure date and, if necessary, provide supplemental expert reports by the rebuttal expert deadline to rebut the opinions of the opponent's expert." *Id.* at * 9. The court in *Mabrey* rejected the idea that a rebuttal expert could be offered solely to "rebut" plaintiff's case, but did not exclude the defendant's expert to the extent "they were offered solely to rebut the opinions of plaintiffs' expert witnesses." *Id.* Additionally, to "avoid unfair prejudice" to the plaintiffs, the court also permitted plaintiffs to submit rebuttal reports to the opinions offered by the defendant's experts. *Id.* at * 14; *see also Am. Med. Sys. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 902 (D. Minn. 2010) (denying a motion to strike plaintiff's rebuttal expert in a patent infringement case, who was not disclosed in accordance with the pretrial schedule, in part because plaintiff's proffered this expert "solely to contradict or rebut evidence" offered by defendants' expert); *UC Restaurant, LLC v. Maricopa County*, 2007 U.S. Dist. LEXIS 9349, at *17 (D. Ariz. Feb. 8, 2007) (holding that it "seem[ed] clear that the disclosure of a rebuttal expert witness was timely, when that expert witness' role was to rebut the opposing party's expert).

As such, Plaintiff respectfully asks the Court for permission to offer a rebuttal expert, to testify solely as to the survey conducted by Defendants' expert, and serve a rebuttal expert report. To deny Plaintiff the opportunity to have an expert conduct an analysis of the survey and Report proffered by Mr. Poret—which Plaintiff believes may be poorly designed and fatally flawed—would cause extreme prejudice to Plaintiff, as "likelihood of confusion" is a crucial part of Plaintiff's infringement claim.

Thank you, as always, for your courtesies in this matter.

Respectfully yours,

*Ariel E. Ronneburger*

Ariel E. Ronneburger (AR0739)

cc:
All parties (via ECF)

```
Any response to this letter
shall be filed not later than
August 8, 2014.
So Ordered.
```

*Katherine B. Forrest*    8/6/2014

Katherine B. Forrest
United States District Judge

3