CULLENandDYKMAN LLP

Ariel E. Ronneburger
Associate
Direct Dial: (516) 296-9182
Facsimile: (516) 296-9155
Email: aronneburger@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

August 7, 2014

**VIA ECF**
The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2014
```

Re:   *Flushing Bank v. Green Dot Corporation and Green Dot Bank*,
      Civil Action No. 13-cv-9120

Dear Judge Forrest:

This firm represents plaintiff Flushing Bank ("Plaintiff") in the above-referenced matter. We write to address certain misrepresentations made by defendants Green Dot Corporation and Green Dot Bank ("Defendants") in their letter to the Court dated August 6, 2014. *See* Docket Entry 46. We write so that a clear and accurate representation of the facts is presented to the Court.

First, Defendants complain that the issue of Plaintiff's potential rebuttal expert was not raised with them prior to Plaintiff's letter to the Court dated August 6, 2014. *See* Docket Entry 44. However, as stated in Defendants' letter, this issue was raised in the presence of Defendants' counsel at the Status Conference held with the Court on June 27, 2014. Defendants thus had an opportunity to state any concerns at this time. Moreover, by filing a letter to request permission to submit a rebuttal expert report, Plaintiff was following the Court's instructions as provided at this Status Conference with regard to the rebuttal expert issue.

Second, because Plaintiff's letter is silent as to the deadline for the submission of a rebuttal report, Defendants request that Plaintiff be ordered to submit any report by August 15, 2014. The Federal Rules of Civil Procedure are clear on a time frame for the submission of rebuttal expert reports, and thus it was not necessary for Plaintiff to set forth a requested deadline. Specifically, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that disclosure of expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be made "within 30 days after

CULLENandDYKMANLLP

the other party's disclosure." Accordingly, if the Court should permit Plaintiff to submit an expert report, it would be served by or on August 25, 2014.

Finally, Defendants allege that Plaintiff had adequate time to "strategize" as this issue was raised at the June 27, 2014 Status Conference. At that Conference, Defendants' counsel did not affirmatively state whether Defendants would be retaining an expert. Moreover, Defendants' counsel never indicated the issue on which any expert would opine. Quite simply, it was impossible for Plaintiff to move forward with retaining an expert until Defendants provided the Report of Hal Poret in the late evening hours of Friday, July 25, 2014, as Plaintiff could not anticipate the contents of this Report.

Thus, it is respectfully requested that, if the Court permit Plaintiff to submit a rebuttal expert report, the deadline for service of that report be August 25, 2014.

Thank you for your consideration.

Respectfully yours,

*[signature]*

Ariel E. Ronneburger (AR0739)

cc:
All parties (via ECF)

```
                    ORDERED:
Request for plaintiff to submit a rebuttal
report granted so long as such report is
provided to defense counsel within one week
from today.  This Order is without
prejudice to any party making any
additional pre-trial motions, including
motions in limine or Daubert motions, as to
any expert.
```

*[signature]*

_____
Katherine B. Forrest      8/7/2014
United States District Judge